L. ROBERT KIMBALL CONSULTING ENGINEERS, INC., APPELLEE, v. KELLY P. RYAN, APPELLANT.

240 N. W. 2d 40

Filed April 1, 1976. No. 40108.

Robert F. Martin, for appellant.

Donald C. Hosford, Jr., of Frost, Meyers & Hosford, for appellee.

Heard before WHITE, C. J., BOSLAUGH, NEWTON, and CLINTON, JJ., and REAGAN, District Judge.

CLINTON, J.

Plaintiff brought this action against the defendant to recover on two separately alleged, but not separately numbered, causes of action for surveying services. The first cause alleged that the plaintiff was orally engaged by the defendant to survey part of the southeast quarter

of Section 2, Township 18 North, Range 11 East of the 6th P.M., Washington County, and to develop a subdivision plat to be known as "66 Heights." The second cause alleged that the plaintiff was orally engaged by the defendant to make an electronic survey of part of the northeast quarter of Section 7, Township 18 North, Range 12 East of the 6th P.M., Washington County, for purposes of determining boundaries of certain land owned by the defendant. During trial the court permitted amendment of the second cause by adding by interlineation after the word electronic, the words "and/or conventional methods." Each cause alleged that the work requested was done. The plaintiff further alleged that on the first cause there was owing $1,106.35 and on the second the sum of $2,745.25, all of which the defendant had refused to pay although demand had been made.

The case was heard by the District Judge, a jury having been waived. The trial judge found against the plaintiff on the first cause of action, finding, we infer from the record of the trial, that the work had not been completed and that the work which was done was valueless for the purposes of the contract. He found on the second cause that the plaintiff "did make an electronic land survey" and that there was owing thereon $2,644, together with interest of $577.71. In connection with the second cause the court found that the plaintiff "did not make a survey by conventional field methods" and for that reason deducted $101.25 from the amount prayed for on that cause. Judgment was entered accordingly.

The defendant perfects his appeal to this court and makes 14 assignments of error. Ten of these are overlapping or redundant and may be consolidated to one, namely, (1) the decision of the trial judge is contrary to or not supported by the evidence and that the plaintiff failed in its burden of proof. Only three of the remaining assignments are argued and these are: (2) The court erred in permitting the amendment of the petition during the trial; (3) the amendment stated a

new and different contract which is barred by the 4-year statute of limitations; and (4) the petition did not state a cause of action. We treat each assignment in the order listed.

We have read the record. The evidence was sharply conflicting as to the nature of the contract and whether the services were properly performed. No useful purpose would be served in summarizing what seems an unnecessarily voluminous record. The governing principle is: Where an action at law is tried to the court without a jury, the findings of the court have the same effect as a jury verdict, and will not be disturbed on appeal unless clearly wrong. Siefford v. Housing Authority, 192 Neb. 643, 223 N. W. 2d 816. The first assignment is without merit.

As to assignments (2) and (3), the court found that the plaintiff performed an electronic survey and that it did not perform a conventional field survey. Any error committed in permitting the amendment was therefore harmless. The record shows that the last of the work was performed in October of 1969, and that the petition was filed and service obtained in 1971. The 4-year statute of limitations had not run.

As to the fourth assignment, the allegations of the petition were sufficient in the absence of a general demurrer or a motion to make more definite and certain. The defendant proceeded to trial without taking either of these steps. He cannot complain now.

AFFIRMED.